# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| **SELENA NICOLE WEAVER,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-00177-TLS-SLC |
| | ) | |
| **ENHANCED RECOVERY CO., INC.,** | ) | |
| | ) | |
|     **Defendant.** | ) | |

## OPINION AND ORDER

Before the Court is the parties' Joint Motion for Entry of Uniform Stipulated Protective Order (DE 24), seeking the entry of the proposed stipulated protective order (DE 24-1). Because the proposed order is inadequate the parties' motion will be DENIED.

Rule 26(c) allows the Court to enter a protective order for good cause shown.[1] *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). A protective order, however, must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same).

Here, the proposed order fails to set forth narrow, demarcated categories of legitimately

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008); *see also Baxter Int'l, Inc. v. Abbot Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)). Because the stipulation in this case contemplates sealed filings (DE 24-1 at 8), it requires a higher level of scrutiny.

confidential information. It allows a party to designate as "Confidential - Subject to Protective Order" material that includes "research, technical, commercial or financial information that the party has maintained as confidential, . . . ." (DE 24-1 at 1). However, defining the term "Confidential - Subject to Protective Order" by using the general terms of "confidential" or "commercial . . . information" is rather vague. *See, e.g.*, *Filter Specialists, Inc. v. Hendi*, No. 3:08-cv-365, 2008 WL 4367594, at *2 (N.D. Ind. Sept. 17, 2008) (rejecting the parties' proposed categories of "proprietary, confidential, or of a commercially sensitive nature," explaining that "[f]or the proposed document to comport with circuit precedent and the Federal Rules, the parties need to limit this language of the order to a more ascertainable standard to prevent a blanket protective order").

Also, as stated above, the proposed order allows documents that contain "protected information" to be filed entirely under seal (DE 24-1 at 8), rather than solely protecting the information through redaction. *See Cincinnati Ins. Co.*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document).

Another problem is that the proposed definition of "Confidential - Subject to Protective Order" includes the "personnel or employment records of a person who is not a party to the case[.]" (DE 24-1 at 2). But "not all information in an employee's personnel file is considered private." *Little v. Mitsubishi Motors Mfg. Of Am., Inc.*, No. 04-1034, 2006 WL 1554317, at *4 (C.D. Ill. June 5, 2006). For example, "there is nothing confidential about an employee's job

2

title, job description, hiring date, or work assignment and location." *Id.*; *see also Smith v. City of Chi.*, No. 04 C 2710, 2005 WL 3215572, at *2 (N.D. Ill. 2005). Therefore, this proposed category of confidential information is overly broad.

Additionally, the Seventh Circuit Court of Appeals has made it clear that a protective order must be "explicit that either party and any interested member of the public can challenge the secreting of particular documents." *Cincinnati Ins. Co.*, 178 F.3d at 946. The instant proposed order, however, does not contain this language. "[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of judicial proceedings." *Id.* at 945.

Finally, to the extent that page eight of the proposed order may suggest that the Court will retain jurisdiction over this matter after the termination of this suit, the order should reflect that the Court will not retain jurisdiction of any kind after resolution of the case. *See E.E.O.C. v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

Therefore, for the foregoing reasons, the Court DENIES the parties' Joint Motion for Entry of Uniform Stipulated Protective Order. (DE 24). The parties may submit a revised proposed protective order consistent with the requirements of Rule 26(c) and Seventh Circuit case law.

SO ORDERED. Entered this 20th day of February 2018.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge